UNITED STATES (BOTTOMLEY v.). See Cases Nos. 1,688 and 1,689.

---

## Case No. 14,627.

### UNITED STATES v. BOUGHER.

[6 McLean, 277; [1] 2 Pittsb. Leg. J. 32.]

Circuit Court, D. Ohio. Nov. 25, 1854.

PENAL ACTION—UNITED STATES—INFORMER—DISTRICT COURTS.

1. The 41st section of the steamboat act of 1852 [10 Stat. 75], declaring that "all penalties

[1] [Reported by Hon. John McLean, Circuit Justice.]

imposed by this act, may be recovered in an action of debt, by any person who will sue therefor," does not preclude the United States from suing for a penalty in an action of debt.

[Cited in U. S. v. Willetts, Case No. 16,699. Distinguished in U. S. v. Laescki, 29 Fed. 701.]

[Cited in State v. Sinnott, 15 Neb. 472, 19 N. W. 613.]

2. The right to sue under this provision as an informer being limited to a person, the United States cannot sue in that character.

3. But when an act is declared to be unlawful by statute, and a penalty is prescribed, a person who violates the law may be proceeded against by indictment, or by an action of debt, if no mode of suing for the penalty is specially provided by the statute.

[Cited in Stockwell v. U. S., 13 Wall. (80 U. S.) 543; Re Rosey, Case No. 12,066; U. S. v. Craft, 43 Fed. 375.]

4. At common law, debt is a proper action to recover a pecuniary penalty imposed by statute.

5. By the 9th section of the judiciary act of 1789 [1 Stat. 76], the district courts have cognizance of all suits at common law, where the United States sue, and the matter in dispute amounts to one hundred dollars, exclusive of costs.

[This was an action of debt for a penalty by the United States against James Bougher. Heard on a demurrer to the declaration.]

Mr. Morton, U. S. Dist. Atty.

A. E. Gwynne, for defendant.

LEAVITT, District Judge. This is an action of debt prosecuted in the name of the United States. The declaration avers, in substance, that the defendant, being the master of a steamboat used for the transportation of passengers on the Ohio and Mississippi rivers, employed a pilot to serve on his boat, without being licensed for that purpose, as required by law; and that thereby he has incurred a penalty of one hundred dollars. A demurrer has been filed to the declaration; and it is insisted in argument, that the United States cannot maintain an action of debt for the penalty, and that it can only be recovered in a suit brought by an informer. The 10th sub-division of the 9th section of the act of the 30th of August, 1852 [10 Stat. 67], to amend the act "to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam" (Pamph. Laws, U. S. [1st Sess. 32d Cong.] p. 61) declares that "it shall be unlawful for any person to employ, or any person to serve as, an engineer or pilot on any steamboat" used for the conveyance of passengers, who has not procured a license from the proper inspectors for that purpose; and it provides that any one violating this provision, shall forfeit one hundred dollars for each offense. The 41st section of the act just referred to, provides that "all penalties imposed by this act may be recovered in an action of debt, by any person who will sue therefor, in any court of the United States." This is the only provision of the

statute, relating to the manner of enforcing the penalty for employing an unlicensed pilot, or serving as an unlicensed engineer. It is true the 1st section of the act, provides that the owner of a steamboat, for the offense of permitting a boat to be navigated with passengers on board, without complying with, the terms of the act, shall be subject to the penalties contained in the 2nd section of the act of July, A. D. 1838 [5 Stat. 304]. But it is very clear this provision cannot, on any just principle of interpretation, include or apply to the case set out in the declaration in this action. And it is equally clear, that this action is not sustainable upon the 11th section of the act of 1838 [5 Stat. 306], which enacts that penalties imposed by that act, may be sued for and recovered, in the name of the United States, in the district or circuit court of the proper district. That provision is restricted in its terms to offenses created by the act of 1838, and cannot be held to extend to those created by the subsequent act, although in its title, the latter statute purports to be an amendment of the former. It was doubtless competent for congress, in the act of 1852, to have declared that all penalties incurred under it should be prosecuted in accordance with the 11th section of the act of 1838. But having failed to do so, it would violate all settled rules for the construction of penal statutes, to hold that the provisions of that section can be transferred to, and made a part of, the act of 1852. The 1st section of the latter act, adopting the provisions of the act of 1838, and prescribing the manner of prosecuting for violations of the act, must be restricted to the cases specified in that section. These, as before noticed, include only offenses by the owner of a steamboat, in fitting out and navigating the same, without complying with the requirements of the statute. Violations of the statute in the service or the employment of unlicensed pilots or engineers, are not specified in the 1st section of the act of 1852. In reference to the manner of enforcing the penalty against the defendant for the offense set out in the declaration, the act of 1838 must be wholly excluded from the consideration of the court. Having thus referred to the statutory enactments relating to this subject, the question raised on this demurrer is, whether the United States can sue in debt, for the penalty which it is alleged the defendant has incurred, under the 41st section of the act of 1852, before cited. The right to sue under this provision is limited to a person; and it is clear that the government, in its sovereign capacity, is not a person to whom this right attaches.

It was strenuously insisted in the argument, that under the provisions of the statute referred to, if the United States could not maintain this action, as an informer, it could not be sustained on any other basis. In other words, that as the 41st section of the act of 1852 provided that all penalties imposed by the act, may be recovered in an action of debt by any person who will sue therefor, in any court of the United States, every other mode of enforcing a penalty under the act is prohibited. On the other hand, it was contended by the counsel for the government, that this is merely a cumulative provision, not intended to abridge or deny the right of the government to proceed in any other mode known to the law, and usually resorted to in practice, but to sanction a remedy deemed necessary to the efficient enforcement of the law, and one which could exist only by express legislative enactment. The latter view is the one adopted by this court, as best suited to carry into effect the intention of the law, and not in conflict with either the provisions of the statute, or any just principles of construction. It is most obvious that the requirements of the statute in relation to steamboats, would have been wholly inefficient, if the enforcement of its penal provisions had been referred solely to the action or interposition of common informers. Such, clearly, was not the intention of congress in the provision referred to, giving an informer the right in all cases arising under the statute to prosecute for the penalties. The words of the statute are merely permissive to an informer to sue, and do not import that that is the sole remedy for its violation. This is also inferable by a reference to the 1st section of the act of 1852, from which it will be seen, as to one class of offenses, the penalties provided and the mode of proceeding authorized in the 11th section of the act of 1838, are expressly adopted.

The right of the United States to prosecute for violations of the act of 1852 is, therefore, in no way affected by the provision securing to an informer a right to sue for the penalties incurred under it. It is most obvious, that it was not designed to restrict the manner of prosecuting for a penalty to one particular form of proceeding, but as authorizing a supplemental or additional remedy.

In this view, the only remaining inquiry is, whether the United States can maintain the action of debt, for the penalty for the alleged offense, without an express statutory provision authorizing such mode of procedure. On this point no authorities were adduced in the argument, nor have I been able to recur to any bearing directly upon it. I suppose, however, that it is hardly a controvertible proposition, that upon the facts alleged in the declaration, the defendant could have been prosecuted by indictment, although the statute does not authorize it in terms. The statute makes it an offense for any one to employ an engineer or pilot on a steamboat, or for any person to serve in such capacity, without a license, and subjects the party offending to a penalty of one hundred dollars. It is silent as to the manner of prosecuting for penalties, except that the 41st section confers

upon an informer a right to sue in debt, in any case arising under the statute in which a penalty has been incurred. But if no one chooses to avail himself of this right by instituting a suit, the guilty person may be proceeded against by indictment. In all cases when an act is declared to be unlawful, and a punishment or penalty is annexed to the doing of the act, it pertains to the sovereignty of the state, through the agency of the judicial department, to punish it by indictment; and it does not require any express statutory authority as the warrant for such a proceeding. Is is not equally clear, upon the same principle, that if the government chooses to waive the right of proceeding in this way, and to adopt the milder form of an action of debt for the penalty, it is competent to do so? It is a long settled principle of the common law, that the action of debt is maintainable to recover a pecuniary penalty imposed by a statute, and when such a penalty is incurred by a violation of the statute of the United States, it accrues to the government, and may be sued for in its name; and it certainly can constitute no just ground of complaint on the part of the person implicated, that he is called upon to answer for the violation of a law, in a civil suit, instead of being arraigned for it, upon the finding of a grand jury.

In addition to these views, it may be stated, that the right of the United States to sue in this court, for the penalty alleged to have been incurred by the defendant, and the competency of the court to entertain the jurisdiction of the case, may be deduced from the clause, in the 9th section of the judiciary act of 1789 [1 Stat. 76], relating to the jurisdiction of the district court; which declares that said court shall have cognizance of all suits at common law, where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum of one hundred dollars. 1 Laws U. S. p. 77. This case certainly meets all the conditions of this clause. It is a suit at common law, brought by the United States, and the matter in dispute amounts to one hundred dollars. Demurrer overruled.