THE STATE OF NEBRASKA, EX REL. LEOPOLD HAHN, v. H. W. HARDY, MAYOR OF THE CITY OF LINCOLN, AND OTHERS.

1. **City Ordinances.** The fact that certain provisions of a city ordinance are void, does not authorize the court to declare void those provisions which relate to the proper subject matter of the ordinance, when they are distinct and separate from those which are void and useless. In such case those provisions which are valid must stand as the law, while the others must be treated as inoperative and of no effect.

2. ————: PUBLICATION OF. When one week's publication of a city ordinance is required, one publication of such ordinance fills the requirements of the law.

3. **Liquor Selling.** It is the province of the legislature to regulate the sale of malt, spirituous, and vinous liquors, and to fix the price of a license to sell the same; and the remedy for a reduction of the price so limited and prescribed by legislative authority, is by application to the legislature itself and not to the courts.

ORIGINAL application for mandamus.

*C. O. Whedon* and *Harwood & Ames*, for relator.

*Lamb, Billingsley & Lambertson*, and *Galey & Abbott*, for the respondents.

GANTT, CH. J.

This is an application for a writ of mandamus to be directed to the proper authorities of the city of Lincoln, naming them, to compel them to issue to the relator a license to sell malt, spirituous and vinous liquors, for one year, within the incorporated limits of said city, upon payment of three hundred and twenty-five dollars therefor. It seems that in June, 1871, the city council by ordinance fixed the price of such license at $325; and that

on the thirtieth of July, 1877, the city council passed an ordinance fixing the price of the license at one thousand dollars, and repealed all ordinances inconsistent with this last one. The city authorities demanded of the relator the payment of one thousand dollars for the license, under the ordinance of 1877; but the relator tendered the payment of the $325 for the same, under the ordinance of 1871, and submits that the ordinance of 1877 is void, for the alleged reason that the same was not published as required by law for the period of one week, within one month after the same purports to have been passed; that it is inconsistent with and repugnant to the laws of this state, and was passed without any authority in law, and that it is unreasonable and prohibitory, and in effect prohibits the transaction of a lawful business, and therefore the only ordinance now in force is that of 1871.

The power of the city authorities to grant and issue a license for the sale of malt, spirituous, and vinous liquors, is derived solely from chapter 29, part III, of the Revised Statutes, of 1866 (Gen. Stat., 851), and not from the "Act to incorporate cities of the second class and to define their powers." All the powers and duties which by this chapter devolve upon the county commissioners, shall belong to and be exercised by the proper authorities of the city, within the incorporated limits thereof; and they are empowered to pass the necessary ordinance, decree, or order to carry out the intent of the chapter—that is, to determine what municipal officer shall receive the petition, file the bond and receipt, and issue the license as in section five hundred and seventy-two required. This chapter also provides: "That incorporated cities and towns may require such additional sum to be paid for license under this chapter as to them may seem best, not to exceed one thousand dollars." The main question presented for consideration

is, whether the ordinance of 1877 contains provisions, not dependent on others, but complete in themselves and capable of being executed in carrying out the intent of chapter 29 aforesaid.

This ordinance provides that the applicant shall file his petition with the city clerk; that he shall at the same time file with the city clerk his bond in the sum of five thousand dollars, with two good and sufficient sureties, to be approved by the council; that before such license shall be delivered the applicant shall pay into the city treasury the sum of one thousand dollars, and take the treasurer's receipt for the same in duplicate and file the same with the clerk; that whenever the petition 'for a license has been granted and the required bond approved by the council, and the treasurer's receipt has been filed with the city clerk, the said clerk shall issue to such applicant a license for the sale, for the term of one year, in some particular place or building in said city, to be described in said license, of malt, spirituous and vinous liquors.

These provisions are distinct and independent in themselves, and they contain all that is necessary to be provided by ordinance, together with the powers conferred and duties enjoined by the statute, to constitute a complete system, which in all respects is amply operative in carrying out the intent of the license law. Hence all other provisions of the ordinance may be stricken out as void; and unquestionably most of them are void, but this fact does not authorize the court to declare void those provisions which relate to the proper subject matter of the ordinance, when they are distinct and separable from those which are void and useless.

It is said, in the construction of a statute, that: " The forms observed in passing it may be sufficient for some of the purposes sought to be accomplished by it, but insufficient for others. Whether certain parts of a statute

must be adjudged void because of their association with such as are void, must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the others, for it would be inconsistent with constitutional law to adjudge enactments void, because they are associated in the same act, but not dependent on others which are unconstitutional. The constitutional and unconstitutional provisions may be contained in the same section, and yet be distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance." Cooley Const. Lim., 176, 177.

It is admitted there was one publication of the ordinance in a newspaper published within the time required. This publication fills the requirement of the law. It is, however, alleged that the ordinance is unreasonable and prohibitory. It is said that " the popular understanding of the word license undoubtedly is a permission to do something which without the license would not be allowable * * this is the legal meaning "; or, as in *Chilvers v. People*, 11 Mich., 43, it is to confer a right that does not exist without a license.

In *Burch v. Savannah*, 42 Geo., 596, 598, it is said that: " The license fee for retailing liquors is in no proper sense a tax. Its object is not to raise revenue. It has for many years been thought that this business was one dangerous to the public peace and public morals, and it has been the uniform practice of the country to subject it to regulation, require license from some public functionary before it is engaged in, and to prescribe as a crime the pursuit of it without a license. The license is part of the public regulations of the country, and the fee is intended rather to prevent the indiscrimi-

nate opening of such establishments than to raise the revenue by taxation." Such being the nature and character of the business, under the law, it is the province of the legislature to regulate it, and to fix the price of the license at such sum as that body may deem best calculated to restrain its dangerous consequences " to the public peace and public morals." The price fixed by the ordinance is within the limits prescribed by the statute, and the remedy for a reduction of this price is by application to the legislature of the state and not to the courts.

The writ of mandamus must be denied.

JUDGMENT ACCORDINGLY.