THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. STEPHEN SINNOTT, DEFENDANT IN ERROR.

Liquors: SALE ON SUNDAY.  Persons who shall sell or give away any malt, spirituous, or vinous liquors on the day of any general or special election, or at any time during the first day of the week, commonly called Sunday, may be punished therefor to the extent provided in section 14, chapter 50, Compiled Statutes, by indictment.

BILL of exceptions from Dakota county, BARNES, J., presiding, brought to this court under the provisions of section 515, criminal code.

*Wilbur F. Bryant,* for the State, cited: *U. S. v. Bough,* 6 McLean, 277. *State v. Fletcher,* 5 N. H., 257. *Rex v. Robison,* 2 Burrows, 799.

COBB, CH. J.

The defendant in error was indicted for selling liquors on Sunday. He demurred to the indictment. His demurrer was sustained by the district court and the defendant discharged. The cause is brought to this court by the district attorney on behalf of the people of the state for the purpose of settling the law of the case.

The indictment charges that Stephen Sinnott, late of the county aforesaid, on the first day of April in the year of our Lord one thousand eight hundred and eighty-three, in the county of Dakota, Nebraska, aforesaid, unlawfully and knowingly did sell for money, to-wit, ten cents, a certain spirituous liquor, to-wit, whiskey, during the first day of the week, commonly called Sunday, to one Benjamin Sawyer, then and there being, etc.

The indictment was found under the provisions of section 14 of chapter 50 of the Compiled Statutes, which reads as follows: "Every person who shall sell or give away any malt, spirituous, and vinous liquors on the day of any general or special election, or at any time during the first day of the week, commonly called Sunday, shall forfeit and pay for every such offense the sum of one hundred dollars."

The question presented for our consideration and decision is: Can this law be enforced by indictment?

I have long understood the two following propositions to be well settled:

1. Where a statute creates an offense or declares a penalty or forfeiture, and also provides a method of punishing such offense or of enforcing such penalty or forfeiture, such method is exclusive of all others.

2. Where a statute creates an offense or declares a pen-

alty or forfeiture, but provides no method of punishing such offense, or of enforcing such penalty or forfeiture, the same may be punished or enforced by indictment. Bish. on Stat. Crimes, § 250.

The section above quoted both creates an offense and declares a penalty and forfeiture. But it contains no provision for the punishment of the one or the enforcement of the other.

It may be said that as all penalties and forfeitures are declared by the constitution to belong to the school fund, that it is the duty of some officer or conservator of such fund to collect for such fund all moneys forfeited thereto by violations of the statute now under consideration, and that therefore, as the statute may be enforced by civil process, that remedy must be deemed to be exclusive of any other. I know of no rule of construction that necessarily leads to this result. Besides, every person of observation knows that the law has not been and will not be enforced by civil process; and it should be borne in mind that the object of this statute was not to replenish the school fund. That it may do so is a mere incident resulting from one of a series of provisions of very doubtful merit, in my opinion, which seem to make the conservators and beneficiaries of the school fund the gainers by the violation of nearly every law for the protection of the public morals.

The object of this statute is to preserve the purity of the ballot box, so far as the law applies to election days, and so far as it applies to "the first day of the week commonly called Sunday," to preserve from desecration "the American Sabbath," an institution to which, perhaps beyond all others, we owe whatever is good of our national character. Beside these considerations the acquisition of a few dollars to our already munificently endowed school fund becomes a matter of the merest insignificance. And it is to conserve such purposes as these that the grand jury system is retained and held to be still necessary under our form of government.

I do not base this opinion so much upon adjudicated cases as upon the evident intent and meaning of the statute and considerations necessary to its enforcement. But this view is nevertheless sustained by cases from courts of high authority cited by counsel for plaintiff in error, but one of which will be examined. The case of the *United States v. James Bough*, 6 McLean, 277, arose upon a federal statute which provided that, "it shall be unlawful for any person to employ or any person to serve as an engineer or pilot on any steamboat used for the conveyance of passengers, who has not procured a license from the inspectors for that purpose;" and it provides that any one violating this provision shall forfeit one hundred dollars for each offense. I quote a portion of the opinion of the court by Judge Leavitt: "I suppose, however, that it is hardly a controvertible proposition, that upon the facts alleged in the declaration the defendant could have been prosecuted by indictment, although the statute does not authorize it in terms. The statute makes it an offense for any one to employ an engineer or pilot on a steamboat or for any person to serve in such capacity without a license, and subjects the party offending to a penalty of one hundred dollars. It is silent as to the manner of prosecuting for the penalties, except that the forty-first section confers upon an informer a right to sue in debt in any case arising under the statute in which a penalty has been incurred. But if no one chooses to avail himself of his right, by instituting a suit, the guilty person may be proceeded against by indictment. In all cases where an act is declared to be unlawful, and a punishment or penalty is annexed to the doing of the act, it pertains to the sovereignty of the state, through the agency of the judicial department, to punish it by indictment; and it does not require any express statutory authority as the warrant for such a proceeding."

I will only add that the office of informer, or person who voluntarily prosecutes in a civil action in the name of the

state for a penalty or forfeiture and is entitled to a moiety of whatever may be collected by means of such prosecution, is well known in the legislation of England and of our congress, but is not known to the constitution or laws of our state, nor would it be tolerated by the sentiment of our people.

The demurrer in the district court should have been overruled and the defendant put upon his trial.

THE other judges concur.