## UNITED STATES v. CRAFT.

### (District Court, D. Kentucky. March 11, 1890.)

INDICTMENT—RECOVERY OF FINES AND PENALTIES.

Fines, forfeitures, and penalties incurred under the laws of the United States may, under section 3213, Rev. St. U. S., be recovered by indictment.

At Law. Motion in arrest of judgment.

*Samuel McKee*, for the motion.

*George W. Jolly*, U. S. Atty., cited Rev. St. U. S. § 3213, and *U. S.* v. *Moore*, 11 Fed. Rep. 249; *U. S.* v. *Mann*, 1 Gall. 177; *U. S.* v. *Bougher*, 6 McLean, 277, 24 Myer, Fed. Dec. 383; 3 Bac. Abr. 550; *U. S.* v. *Foster*, 2 Biss. 455; and *U. S.* v. *Ebner*, 4 Biss. 119.

BARR, J. The defendant has been indicted under section 3265 of the Revised Statutes, for setting up a copper still, to be used for the purpose of distilling, without first obtaining from the collector of internal revenue for the district a permit to do so. He has been found guilty, and now moves for an arrest of judgment, because, as he claims, an indictment will not lie, but the sum precribed by the section should have been sued for in a civil action. Section 3265 provides that any person who shall set up any such still, without first obtaining a permit from the collector of the district, shall pay the sum of $500, and shall forfeit the distilling apparatus thus set up in violation of law. Section 3213 provides that "all suits for fines, penalties, and forfeitures, when not otherwise provided for, shall be brought in the name of the United States in any proper form of action, or by any appropriate form of proceeding, *qui tam* or otherwise, before any circuit or district court of the United States for the district within which said fine, penalty, or forfeiture may have been incurred." This does not prescribe any special form of action, but allows any appropriate action or proceeding to be used, and the question is whether, upon general principles, an indictment will lie for a mere penalty. The language used in section 3265 is, "shall pay $500," but this is only another mode of declaring and imposing a penalty of $500 for a violation of the law. In 3 Bac. Abr. 550, it is said:

"Generally when a statute either prohibits a matter of public grievance, or commands a matter of public convenience, as repairing the common streets of the town, etc., every disobedience of such statute is indictable; but if the party has once been fined in an action on the statute, such fine is, it seems, a good bar to the indictment."

And again, on the same page, it is said:

"When the statute makes a new offense, which was in no way prohibited by the common law, and appoints a particular proceeding against the offender, as by commitment or action of debt or information, etc., without mentioning an indictment, it seems to be settled at this day that it will not maintain an indictment, because the mentioning of the other methods of proceeding only seems impliedly to exclude that by an indictment. Yet it hath been adjudged that, if such statute give a recovery by action of debt, bill, plaint, or information, or otherwise, it authorizes a proceeding by way of indictment."

This, I think, is a correct statement of the law at the present day. See *U. S.* v. *Moore*, 11 Fed. Rep. 249, for an able and elaborate discussion of the question; also *U. S.* v. *Bougher*, 6 McLean, 277. The motion in arrest of judgment should be overruled, and it is so ordered.