C. B. Bailey v. State of Nebraska.

30  855
52  217
52  531
55  313

[Filed November 25, 1890.]

1. **Appeal:** Waiver of Informalities. The taking of an appeal from a conviction had before a magistrate for the violation of a village ordinance, is a waiver of the errors committed on the trial before such magistrate.

2. **Villages:** Ordinances: Proof of Passage. The certificate of a village clerk attached to an ordinance of the municipality, attested by his official seal, stating that such ordinance was passed and approved, and when and in what paper it was published, is sufficient proof of its passage, approval, and publication.

3. ————: Liquors: Sale: Penalty. The board of trustees of a village has authority to enact an ordinance to prohibit the sale of intoxicating liquors within the corporate limits, and to provide as a penalty for its violation the imposing of a fine not to exceed one hundred dollars and for imprisonment in default of the payment of the fine and costs.

4. ————: Ordinance Void in Part. Where such an ordinance provides for its enforcement, the imposing of a "fine of not less than twenty-five dollars, nor more than one hundred dollars, or by imprisonment not exceeding thirty days, or by both fine and imprisonment," held, that part providing for punishment by imprisonment is void, but that it does not invalidate the remainder of the ordinance.

Error to the district court for Saline county. Tried below before Morris, J.

*Hastings & McGintie*, for plaintiff in error:

A police judge may exercise only such powers as the statute gives him. (*S. C. & P. R. Co. v. Washington Co.*, 3 Neb., 41; *Morrill v. Taylor*, 6 Id., 242; *Doody v. Vaughn*, 7 Id., 32; *Brondberg v. Babbott*, 4 Id., 519.) Secs. 11, 12, and 25, ch. 50, Comp. Stats., fix a method of procedure which is exclusive. (*S. C. & P. R. Co. v. Washing-*

*ton Co., supra.*) Since the two provisions for enforcing the ordinance form parts of a penalty, one cannot be void and the other valid. (*Oatman v. Bond,* 15 Wis., 22; *State v. Dousman,* 28 Id., 541; *State v. Perry Co.,* 5 O. St., 497; *Campau v. Detroit,* 14 Mich., 276; Cooley, Const. Lim., 213.)

*Abbott & Abbott, contra:*

A municipality may inflict penalities. (Horr & Bemis, Municipal Police Ordinances, secs. 89–119; *Brownville v. Cook,* 4 Neb., 101.) Imprisonment is no part of the penalty, but a method of collecting the fine. (*Sheffield v. O'Day,* 7 Ill. App., 339; *State v. Herdt,* 40 N. J., 264.) Void and valid parts of an ordinance should, if possible, be construed as separable. (Horr & Bemis, Municipal Police Ordinances, sec. 139.) When a double penalty is imposed the fact that one is unauthorized does not invalidate the other. (*Wilcox v. Hemming,* 58 Wis., 144.) As to the effect of the appeal: 1 Dillon, Mun. Corp., sec. 367.

NORVAL, J.

On November 19, 1888, J. B. Dann made a written complaint under oath before E. J. Hancock, justice of the peace of the village of De Witt, Saline county, charging Charles B. Bailey, the plaintiff in error, with unlawfully selling malt and spirituous liquors to one James Liggard, in violation of ordinance No. 24 of said village. Bailey was arrested and taken before the justice, where he entered a plea of not guilty. He applied for a change of venue, which was refused. He thereupon demanded a trial by jury, which was denied. Over the defendant's objection he was tried before the justice, who found him guilty, and was sentenced to pay a fine of $100 and costs, and that he stand committed until such fine and costs be paid. An appeal was taken to the district court, where the defendant

was tried, convicted, and sentenced to pay a fine of $100 and costs.

As this case was tried in the district court on appeal, the proceedings and judgment of that court alone are before us for review. The errors, if any, committed by the justice were waived by the appeal.

The prosecution is brought under sec. 1 of ordinance No. 24 of the village of De Witt, which provides: " That any person who shall within the corporate limits of De Witt, by himself, herself, or themselves, or by his, her, or their agent, servant, clerk, or employe, barter, sell, exchange, give away, or deliver intoxicating, malt, spirituous, vinous, mixed, or fermented liquors, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty-five dollars nor more than one hundred dollars, or be imprisoned in the county jail' not to exceed thirty days, or both such fine and imprisonment."

The first objection urged by the plaintiff in error is that there is no proof that the ordinance was ever passed. There is attached to the ordinance introduced in evidence a certificate of the village clerk, attested with the seal of the village, showing that it was adopted by a unanimous vote of the board of trustees on April 23, 1888, was signed by its chairman, and that it was published in the De Witt *Times*, a newspaper published in the village, for two consecutive weeks, beginning April 26, 1888. This certificate, under the provisions of sec. 49, chap. 14, Compiled Statutes, was sufficient proof of the passage, approval, and publication of the ordinance.

It is claimed that, as the legislature has by general law made it a criminal offense for any person to sell or give away intoxicating liquors without having obtained a license so to do, and prescribed the penalty therefor, the village board had no authority to pass the ordinance in question.

Section 11 of the liquor law fixes the penalty for selling liquors without a license by a fine not less than one hundred dollars nor more than five hundred dollars, or by imprisonment not to exceed one month in the county jail. Section 12 provides for a preliminary examination where a complaint is made of a violation of section 11. The ordinance having fixed a different punishment from that provided for the violation of the general law on the same subject, the objection is fairly presented, had the board of trustees of the village authority to enact such an ordinance? The legislature, by subdivision IX of section 69, chapter 14, Compiled Statutes, conferred the power upon villages to pass ordinances to prohibit the selling or giving away of intoxicating liquors within the corporate limits, and subdivision XII of the same section authorizes the imposing of fines for the violation of such ordinances "not exceeding one hundred dollars for any one offense, recoverable with costs, and in default of payment to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere, for the benefit of the city or village." The law makers not only granted the power to village authorities to make the selling of intoxicating liquors a criminal offense, notwithstanding it is also made such by general law, but authorized the imposing of a different punishment from that attached to the statutory offense.

It will be observed that the ordinance under which the defendant was convicted and sentenced provides for its enforcement by the inflicting of a fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment not exceeding thirty days, or both fine and imprisonment. The fine provided for by the ordinance is clearly within the power conferred upon the village by statute. But there is no law which empowers a village to enforce its ordinances by both fine and imprisonment, nor by imprisonment alone, except as a means of enforcing the payment of the fine imposed by the court for

a violation of the ordinance.    It follows that that part of the ordinance providing for imprisonment is void, as being contrary to the power conferred upon the village authorities by statute.

The point is made that the portion of the ordinance providing for the punishment by imprisonment being bad, invalidates the entire ordinance.    It does not necessarily follow that a whole act or law is invalid because some of its provisions are void and cannot be sustained.    The rule, as established by the decisions of this and other courts, is that when the valid and invalid portions of a law are dependent upon each other, the whole law is void; but if the valid part is not dependent upon that which is void, and is a complete law in itself, it will be upheld. (*State v. Lancaster Co.*, 6 Neb., 474; *State v. Hardy*, 7 Id., 377; *State v. Lancaster Co.*, 17 Id., 85; *State v. Hurds*, 19 Id., 323; *Muldoon v. Levi*, 25 Id., 457; *Messenger v. State*, Id., 674; *Oatman v. Bond*, 15 Wis., 22; *Campau v. Detroit*, 14 Mich., 276; *Wilcox v. Hemming*, 58 Wis., 144.)

The ordinance in question, tested by the above rule, must be sustained as to all of its provisions, excepting the part providing for punishment by imprisonment.    Strike out the invalid part, and a complete law remains, capable of being executed and carried into effect, independent of the void portion.    The judgment of the district court is

AFFIRMED.

THE other judges concur.