HENRY SANDERS v. THE STATE OF NEBRASKA.

[FILED JUNE 11, 1892.]

1. **Liquors:** SALE: REGULATION: STATUTES. By section 2187, Consolidated Statutes, the selling or giving away of intoxicating liquors on the day of a general or special election, or on Sunday, is made a criminal offense, punishable by imprisonment. Subsequent to the adoption of said section, the legislature, in 1889, enacted section 2572 of Consolidated Statutes, which confers upon the excise board of a city of the first class having over 25,000 inhabitants, the exclusive control of the licensing and regulation of the sale of liquors in the limits of such city, subject to all the restrictions, regulations, forfeitures, and penalties provided by the general law of the state on the subject. *Held,* That the mere passing of the last section did not have the effect to suspend within the corporate limits of such cities the provisions of the first named section.

2. ——: ——: JUSTICE OF THE PEACE: JURISDICTION. A jus-
tice of the peace has concurrent jurisdiction with the district
court to enforce the provisions of said section 2187. A prose-
cution thereunder may be by indictment or information filed in
the district court, or upon written complaint made to a justice
of the peace of the county where the offense was committed.

ERROR to the district court for Lancaster county. Tried
below before HALL, J.

*J. E. Philpott,* for plaintiff in error, cited: *State v. Sin-
not,* 15 Neb., 476; *U. S. v. Bough,* 6 McLean [U. S.],
476; *Colburn v. Sweet,* 1 Met. [Mass.], 232; *Brown v.
Barry,* 3 Dall. [U. S.], 365; *State v. Berlin,* 21 S. Car.,
292; *Marmet v. State,* 45 O. St., 63; *State v. Gordon,* 60
Mo., 383; *Foxworthy v. Hastings,* 23 Neb., 772; *Roger v.
People,* 9 Colo., 450; *Huffsmith v. People,* 8 Id., 175;
*Hetzer v. People,* 4 Id., 45; *Heinssen v. State,* 14 Id., 228.

*George H. Hastings, Attorney General, contra,* cited:
*State v. Sinnot,* 15 Neb., 472; *Heinssen v. State,* 14 Colo.,
228.

NORVAL, J.

A complaint was filed before a justice of the peace of
the city of Lincoln, charging plaintiff in error with selling
intoxicating liquors within the limits of said city on the
23d day of September, 1891, the day on which a special
election was held in said city. He was arrested, tried, and
convicted, and sentenced by the justice to pay a fine of $100
and the costs of prosecution. A petition in error was
prosecuted to the district court and the judgment of the
justice of the peace was affirmed.

There is no controversy upon the facts. Plaintiff on
September 23, 1891, was a licensed saloon keeper of the
city of Lincoln. It is stipulated that he sold intoxicating
liquors on said date, and on which day, it is conceded, a
special election was held.

The prosecution is brought under the provisions of section 2187 of the Consolidated Statutes, which provides that "Every person who shall sell or give away malt, spirituous, and vinous liquors on the day of a general or special election, or at any time during the first day of the week, commonly called Sunday, shall forfeit and pay for every such offense the sum of $100."

It is insisted by counsel for plaintiff in error that justices of the peace have no jurisdiction of the subject-matter of said section, but that a prosecution for the violations of its provisions must be begun either by indictment or information filed in the district court of the proper county. In support of this contention counsel cites *State v. Sinnot*, 15 Neb., 472. In that case Stephen Sinnot was indicted for selling liquors on Sunday. The indictment was found under the provisions of section 2187 above quoted. The contention was that the penalty therein provided could be enforced only by civil action. This court decided that a person violating its provisions may be punished by indictment. This was the only question involved or passed upon in the case. It does not follow from the precedent cited that the section under consideration cannot be enforced against an offending party by information or complaint filed before a justice of the peace. The section being silent as to the court in which prosecutions shall be brought, the general laws of the state govern.

Section 314 of the Criminal Code confers upon justices of the peace jurisdiction concurrent with the district court in all cases of misdemeanors, where the fines cannot exceed $100, or the imprisonment cannot be more than three months, except as otherwise provided by law. The offense with which plaintiff in error is charged is a misdemeanor, and the penalty imposed by said section 2187 is within the jurisdiction of justice courts. It is obvious that such courts have concurrent jurisdiction with the district

court to punish persons violating any of the provisions of said section, and that the offender may be prosecuted either by indictment or information in the district court, or by complaint made to a justice of the peace of the county where the offense was committed. The argument of plaintiff in error is, substantially, that, as the legislature has not expressly provided the method of punishment in the section creating the offense, the only mode of procedure to enforce its provisions is by indictment. We do not think the position tenable. Such a construction is not only repugnant to section 314 of the Criminal Code, but if followed in other cases would have the effect to oust justice courts of jurisdiction of many misdemeanors created by the general laws of the state, where the legislature, in creating the offense, has failed to prescribe in what court the punishment shall be had.

It is finally urged that the provisions of said section 2187 were not in force within the corporation limits of the city of Lincoln at the time of the sale of the liquors in question. In other words, that said section was suspended in its operation in cities of the first class having more than 25,000 inhabitants, by the subsequent enactment of section 2572 of the Consolidated Statutes, the same being section 91 of article 1, chapter 13a, Compiled Statutes of 1891, entitled "Cities of the first class." Said section is as follows:

"The excise board shall have the exclusive control of licensing and regulation of the sale of malt, spirituous, vinous, or intoxicating liquors in such city, and for that purpose shall hold a public session at least once each month, at the council chamber in said city, and a record of its proceedings shall be made and kept as a public record by the city clerk, who shall be clerk of said board. A majority of such board shall constitute a quorum. The excise board may license, restrain, regulate, or prohibit the selling or giving away of malt, spirituous or vinous, mixed

or fermented, intoxicating liquors in said city, the license not to extend beyond the municipal year for which it shall be granted, and to determine the amount to be paid for such license, not less than the minimum sum required by any general law upon the subject; *Provided*, That special permits may be granted to druggists for the sale of liquors for medicinal and mechanical purposes; *And provided further*, That all such licensees, except druggists, shall be required to give bonds in all respects, and they and their sureties shall be liable on such bonds in all respects, as in the case of persons to whom licenses for the sale of intoxicating liquors are or may be granted by the county board, and all the restrictions, regulations, forfeitures, and penalties provided by law respecting the sale of liquors by persons licensed therefor by the county board, shall apply and govern all persons (except druggists) licensed by virtue of this section," etc.

The legislature by this section has conferred upon the excise boards of cities of the class of Lincoln, the exclusive right to license and regulate the sale of intoxicating liquors within the limits of the corporation. The power is likewise given the excise board to prohibit the selling or giving away of such liquors in the city limits. It was not the intention of the law-makers, when they enacted the above section, to suspend within cities of the first class the general law of the state relating to the sale of liquors. Neither this section, nor any other provision of the act of which it is a part, in express terms so states. Nor is such intention to be gathered from the language used, while the contrary is clearly manifest. The section under consideration provides that " all restrictions, regulations, forfeitures, and penalties provided by law respecting the sale of liquors by persons licensed therefor by the county board, shall apply and govern all persons (except druggists) licensed by this section." While the excise board has the exclusive authority to license the sale of liquors in the city,

it is required to exercise its power subject to the limitations and restrictions imposed by general law. A license issued by it will protect the licensee precisely to the same extent, and no further, as does a license issued by the county board for the sale of liquors outside of the municipal corporations. In either case, should the licensee sell intoxicating liquors to a minor, insane person, Indian, or idiot, or habitual drunkard, or give away or sell such liquors on Sunday, or on the day of any general or special election, the license would be no protection, but the holder would be liable to the penalty provided by the general law of the state. Neither the excise board, nor the county board, has the power to authorize the sale of liquors to any of the persons or on the days prohibited by the statute. It is clear that the mere granting of exclusive authority to the excise board to regulate and license the sale of liquor did not suspend the general liquor law. Suppose the excise board failed or refused to exercise the power conferred upon it by the legislature and neither licensed nor prohibited the sale of intoxicating liquors, could it be successfully contended that their sale in the city, under such circumstances, would not be in violation of the statute? Most assuredly not. Such a construction would place it in the power of the excise board to allow the traffic to be carried on in the territorial limits of the city by any one without restriction and without license, which was never contemplated by the law-making body. By giving effect to every part of the section no such construction as contended for by plaintiff in error is permissible.

We think counsel placed entirely too much stress upon the word " exclusive " used in the section quoted. In construing the provisions it is proper to keep in mind the previous legislation upon the subject, and the purpose of the legislature in enacting the same. Prior to 1889 authority was vested in the mayor and city council to license or prohibit the liquor traffic within the corporation. In that

year the section under consideration was enacted, giving the power to license and prohibit the liquor business to the excise board. We agree with the trial court that the word "exclusive" was used by the legislature to bar all claim of authority over the subject of granting license by the body from which control had been taken, and that the exclusive control given the excise board over the matter is subject to the restrictions contained in the general law.

It appears in evidence that the excise board of the city of Lincoln adopted rules and regulations governing the liquor traffic. By rule 12 it is made unlawful for the licensee to sell or give away any intoxicating liquors to a minor, Indian, insane person, or habitual drunkard, or on Sunday, or the day of any general election, and prescribes a penalty for each violation of the rule. But there is no provision making it an offense to sell or give away such liquor on the day of special elections in said city. Therefore, if the state liquor law is not in force in the city of Lincoln, plaintiff in error has committed no offense and cannot be punished. The excise board has, in effect, attempted to authorize such sales on the days of special elections, which it had no power to do. In our opinion the enacting of section 2572 did not suspend the provision of 2187 within the city of Lincoln. While there are cases to the contrary, the arguments advanced in the opinions are not convincing to our mind and we decline to follow them. The conclusion we have reached is sustained by high authority. (See *Gardner v. People*, 20 Ill., 430; *Berry v. People*, 36 Id., 423; *Heinssen v. State*, 14 Colo., 228.) The judgment is

AFFIRMED.

THE other judges concur.