IN RE LILBURN PHILLIPS.

G. L. GODFREY, APPELLANT, V. LILBURN PHILLIPS, AP-
PELLEE.

FILED JUNE 4, 1908.   No. 15,223.

1. **Intoxicating Liquors: LICENSE: EVIDENCE.** In a contest over an application for a license under sections 7150 et seq., Ann. St. 1907, where the sole objection urged against the character of the applicant was that no man of respectable character would apply for a license to retail intoxicating liquors, and the only evidence presented to the city council upon that point was the testimony of a witness who stated under oath that the applicant was a man of good reputation and respectable character and standing, the city council properly determined that issue in favor of the applicant.

2. ———: **LEGISLATIVE POWERS.** In the absence of a constitutional provision regulating or prohibiting the traffic in intoxicating liquors, the power to so regulate or prohibit is vested exclusively in the legislature, and that function cannot be delegated by it to the courts, nor lawfully usurped by the judicial branch of the goverument.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE.   *Affirmed.*

*G. L. Godfrey, pro se.*

*M. D. King, contra.*

ROOT, C.

This is an appeal from a judgment of the district court overruling a remonstrance to an application for license to sell malt, spirituous and vinous liquors in the city of Minden. The parties will be referred to as applicant and remonstrant. The record is brief, the parties thereto having stipulated to most of the facts. Remonstrant denied that applicant was a man of respectable character, "under the general proposition that any man who will engage in the sale of malt, spirituous and vinous liquors is not such a man of respectable character and standing." Re-

monstrant further urged, in effect, that it was not within the power of the legislature to license said traffic, or to authorize any individual, board or official to issue a license for that purpose, because said business was vicious and demoralizing, and opposed to the laws of God and to the letter and spirit of the fundamental law of the land.

1. On the issue of applicant's character the only evidence offered was the testimony of one witness, who stated that applicant's reputation in the neighborhood where he resided was good, and that he was a man of respectable character and standing in the community. The city council properly held with applicant upon said issue. To adopt remonstrant's theory would invalidate the law, and we do not feel at liberty to so construe the statute.

2. In our judgment remonstrant has not sustained his contention that the legislature is without power to regulate the traffic in intoxicating liquors; that regulation, or its prohibition, is peculiarly within the police power. It is entirely competent for the people by constitutional enactment to restrict or render unlawful that business, but, if they fail to do so, the legislature is the exclusive repository of that power. Neither the constitution of 1866, nor that of the present day, will warrant the strained construction placed thereon by remonstrant. The language of the fundamental law and the interpretation given thereto by the legislative, executive and judicial branches of this government repel any such construction by the court. The legislature, since early territorial days, has exercised its function in attempting to minimize the evil inherent in and flowing from the trade in and the use of intoxicating liquors. The act of March 16, 1855 (laws 1855, p. 158), prohibited the manufacture of intoxicants; and section 172, ch. 11 of the criminal code, then in force, made it unlawful to furnish any such liquor to an Indian or to an intoxicated person. Chapter 29 of the criminal code of 1866 (Rev. St. 1866, pp. 671-676) minutely regulated said traffic, and provided both civil

remedies and severe penalties for the violation thereof. That part of the criminal code was carried into the General Statutes of 1873 (chapter LIII, p. 851) and was continued in force with little amendment till the enactment of the "Slocumb Law" of 1881. Nor was the legislature invading an unknown field or encroaching upon any other department of the government when it sought to control said traffic. Since the days of Edward the Sixth the parliament of Great Britain has taken jurisdiction of this subject and restricted and regulated the keeping of ale-houses and tippling-houses. The legislatures of the various states of the Union have also given this subject attention and exercised the police power to partially or totally restrain said business. *Metropolitan Board of Excise v. Barrie,* 34 N. Y. 657; *Commonwealth v. Kimball,* 24 Pick. (Mass.) 359, 35 Am. Dec. 326; *Schwuchow v. City of Chicago,* 68 Ill. 444; *City of New Orleans v. Smythe,* 116 La. 685, 114 Am. St. Rep. 566; *Mugler v. Kansas,* 123 U. S. 623. We cannot invade the province of the legislature, and by our judgment prohibit the traffic that it, in the exercise of its constitutional powers, has said may be licensed. We so declared in *State v. Hardy,* 7 Neb. 377, and our powers have not been enlarged since that day. The entire field covered by remonstrant's argument has been exhaustively considered, and the point settled adversely to him, in *Sopher v. State,* 81 N. E. (Ind.) 913.

There does not seem to be any error in the record, and for that reason we recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.