State v. Dudgeon.

---

STATE OF NEBRASKA v. WILLIAM T. DUDGEON.

FILED FEBRUARY 6, 1909. No. 15,772.

1. Criminal Law: POLICE COURTS: JURISDICTION. The police judge of the city of Lincoln has jurisdiction in cases of violations of the rules of the excise board of that city.

2. ———: POLICE JUDGE: EXAMINING MAGISTRATE. The jurisdiction of

a police judge under section 18, art. VI, of the constitution, section 260 of the criminal code, and section 7943, Ann. St. 1907, in relation to misdemeanors, is concurrent with that of a justice of the peace, and, where the punishment may be a fine of over $100, he can only sit as an examining magistrate.

3. **Intoxicating Liquors: Excise Board: Powers.** In so far as rule .27 of the excise board of the city of Lincoln authorizes a fine of over $200 for a violation of the excise rules, it is beyond the power conferred by the legislature and is void, but to that extent the penalty may be enforced.

4. **Rules of the excise board** within its authority, duly adopted and published, are of like force and effect as ordinances of the city adopted by the city council.

Error to the district court for Lancaster county: Albert J. Cornish, Judge. *State's exceptions overruled.*

*J. M. Stewart, F. M. Tyrrell* and *T. F. A. Williams,* for plaintiff in error.

*Greene & Greene, contra.*

Letton, J.

William T. Dudgeon was charged before the police judge of the city of Lincoln with unlawfully keeping spirituous and vinous liquors for the purpose of sale without license, in violation of the rules and ordinances of the excise board of that city. A search warrant was issued, certain liquors were found in his possession, and the defendant arrested, brought before the magistrate, tried and found guilty. He appealed to the district court, and there filed a plea in abatement, which was sustained by that court, and the defendant discharged. From the judgment of the court sustaining the plea in abatement, the state has prosecuted error to this court.

The plea in abatement was based upon the propositions that the police judge had no jurisdiction of the subject because the excise board alone has this power; that the police judge had no jurisdiction to try and determine, but only to examine into the matter charged in the complaint

as an examining magistrate, as in cases of felony; that the excise board of the city of Lincoln was without power or authority to declare the acts described in rules 27 and 28 an offense or to punish the commission of them, and that said rules are in conflict with the statutes and with the constitution of the state; and that the rules under which the prosecution was had were not passed or published as required by law.

The argument in support of the first proposition is that section 64, art. I, ch. 13, Comp. St. 1907, known as the "Lincoln Charter" makes the excise board a judicial body having power to issue subpœnas and commitments to hear testimony to punish violation of its rules, and generally to have such powers as a justice of the peace has on an examination before him, and that this power is conferred upon the excise board alone, and not upon the police judge, and hence that it is the proper tribunal to try offenses of this nature. We think this is a misapprehension of the purport of the provisions referred to. When the board is in session as a licensing body or in the proper exercise of its functions in the management and control of the police force, it might be shorn of much of its usefulness if it had no power to compel the attendance of witnesses or compel them to testify, or if its presiding member had no power to administer oaths. The excise board is not a police court, and it has no power of jurisdiction to try persons charged with offenses under the criminal laws of the state or with the violation of ordinances.

It is next contended that section 260 of the criminal code gives police judges jurisdiction equal to that of a justice of the peace in all matters relating to the enforcement of the criminal laws of the state, and that section 44, art. I, ch. 13, Comp. St. 1907, gives them exclusive jurisdiction over all offenses against the ordinances of the city, but that there is no provision giving police judges jurisdiction over a violation of the rules of the excise board, and that the constitution of the state limits the

jurisdiction of a justice of the peace in criminal matters to cases where the punishment may not exceed three months' imprisonment or a fine of over $100, and that since the rules of the excise board under which this prosecution is had provide that the fine may be a sum greater than $100, and the defendant may be committed to jail, and the liquors seized may be ordered destroyed, the maximum penalty is beyond the jurisdiction of either a justice of the peace or police judges.

It is unnecessary to copy section 64 of the Lincoln charter in full. It confers upon the excise board the exclusive power of licensing and regulating the sale of liquors within the city, provides that the license fee shall not be less than the minimum sum required by the laws of the state, that bonds shall be given, and that "all the restrictions, regulations, forfeitures, and penalties provided by law respecting the sale of liquors by persons licensed therefor by the county board shall apply to and govern all persons licensed by virtue of this section." It is further provided that "any person selling or giving away in said city any liquor of the description mentioned in this section, without first having complied with such regulations, and procured a license or permit therefor, or who shall violate any of the rules and regulations established by such excise board and governing the sale of such liquor, shall on conviction thereof be fined in any sum fixed by such rule, not more than two hundred dollars for each offense and shall be committed to the city jail until such fine and costs are paid." It also provides for the revocation of licenses or permits upon the conviction of the licensee of a violation of the laws or regulations governing the sale of liquor; that the excise board shall control all such places where liquors are sold; and that "all such rules and regulations, when adopted by said board and published once in a daily newspaper published and of general circulation in said city, shall have like force and effect as the ordinances of said city adopted by the city council thereof, and shall be proved in like

manner." Rule 27 of the excise board, adopted in 1906, made it unlawful for any person to keep for the purpose of sale without a license or permit any intoxicating liquors, and rule 28 authorizes the destruction of the liquor seized upon conviction. These sections are almost identical with sections 7170, 7171, Ann. St. 1907, relating to liquors, except that the penalty provided by the statute (Ann. St. sec. 7161) is a fine of not less than $100 nor more than $500, or imprisonment not to exceed one month in the county jail; while rule 27 provides that any person found guilty "shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than one hundred dollars for each offense, and be committed to the city jail until such fine or fines and costs are paid." It is upon the difference between the penalties prescribed by the statute and those provided for by the rules that the defendant bases a part of his contention that the police judge was without jurisdiction. His contention is that since the penalty provided by the statute for this offense was beyond the jurisdiction of a justice of the peace, except as an examining magistrate, the police judge could have no other or different powers, and hence had no jurisdiction to try and determine the guilt or innocence of the accused or to impose a fine upon conviction.

Under section 18, art. VI of the constitution, relating to the judicial department, a justice of the peace has no jurisdiction in a criminal case where the punishment may be a fine of over $100, and under section 260 of the criminal code and section 44 of the Lincoln charter (Ann. St. sec. 7943) the police judge is given exclusive jurisdiction of all offenses against the ordinances of the city, and concurrent jurisdiction with justices of the peace of misdemeanors under the laws of the state arising within the limits of the city, and for the preliminary examination of persons charged with offenses beyond his jurisdiction. The penalty imposed by the general liquor law of the state for the offense with which the defendant was charged

was beyond the jurisdiction of a justice of the peace or a
police judge, except as an examining magistrate. When
section 64 of the Lincoln charter was enacted, it is evi-
dent that it was the intention of the legislature that the
wholesome restrictions and regulations surrounding the
liquor traffic, and the rigorous forfeitures and penalties
provided for its unlawful sale by the statutes, should not
be relaxed, and it was therefore therein provided that "all
the restrictions, regulations, forfeitures, and penalties
provided by law respecting the sale of liquors by persons
licensed therefor by the county board shall apply to and
govern all persons licensed by virtue of this section."
This provision obviated any question that might be raised
as to whether the general liquor laws of the state were
applicable within the municipal boundaries, and effectu-
ally preserved the operation of the general liquor laws of
the state within the city.

This section next provides, as we have seen, for a fine
of not more than $200 for a violation of the excise rules.
It will be observed that the penalty which is authorized
to be inflicted for a violation of the rules of the excise
board is a different, and it may be a much smaller, penalty
than that provided for the statutory offense. There is
thus given to the excise board power to enact rules, a vio-
lation of which may be punished by the imposition of a
fine of not more than $200, while it leaves the general
provisions of the statute still enforceable by the proper
authorities. In *Bailey v. State,* 30 Neb. 855, it appeared
that a village board was given power to impose fines
for a violation of ordinances "not exceeding one hundred
dollars for any one offense," while the liquor law fixed the
penalty for the same offense as not less than $100 nor
more than $500. Bailey was arrested, tried by the jus-
tice, found guilty, and sentenced to pay a fine of $100 and
costs. It was urged that the ordinance was void because
the board had no power to enact an ordinance providing
a different punishment from that provided for a violation
of the general law on the same subject, but it was held

that the statute conferred the power to pass such an ordinance upon the village authorities. It was further contended that the provisions of sections 11 and 12 of the Slocumb law (Comp. St. 1907, ch 50), fixing the penalty, and sections 7161, 7162, Ann. St. 1907, providing for a preliminary examination of persons charged with a breach of the statute, fixed a method of procedure which was exclusive, and that, therefore, the justice had no jurisdiction other than to examine and bind over to the district court, but the conviction was sustained. We conclude, therefore, that the general statutes with reference to the sale of liquor are in force within the city of Lincoln, but, at the same time, that the excise board has power to provide rules and fix a punishment for their violation, not, however, in excess of the limitation of $200 for each offense fixed in the charter. *Sanders v. State,* 34 Neb. 872; Black, Intoxicating Liquors, sec. 225. We find nothing in the statutes which confers any greater power or jurisdiction upon the police judge with respect to the punishment of violation of the rules of the excise board than he possesses with respect to the punishment of offenses against the laws of the state. Under the constitution his jurisdiction to try and determine is limited to criminal cases in which the penalty may not exceed a fine of $100. Where the punishment may exceed a fine of $100, he can only sit as an examining magistrate. We conclude, therefore, that the finding of the district court that the police judge was without jurisdiction was right.

We are further of the opinion that in so far as rule 27 seeks to authorize a fine in excess of $200, the amount limited in the charter for the violation of an excise rule, it is inoperative and void, but this does not affect the otherwise valid provisions of the rule. *State v. Hardy,* 7 Neb. 377; *Bailey v. State,* 30 Neb. 855; *State v. Stuht,* 52 Neb. 209; *Town of Eldora v. Burlingame,* 62 Ia. 32.

We think there can be no doubt of the validity of the provision of the charter giving the rules of the excise board, when duly adopted and published, like force and

effect as ordinances of the city adopted by the city council. The legislature, not being restrained or limited by the constitution, may confer the power upon the excise board to pass such rules, and may provide for their enforcement by such agencies and in such manner as it may direct. See authorities collected in McQuillin, Municipal Ordinances, sec. 90; *Riley v. Trenton*, 51 N. J. Law, 498.

Having reached these conclusions, it is unnecessary to determine the other points raised. The judgment of the district court is therefore correct, and the exceptions of the state are

OVERRULED.

FAWCETT, J., not sitting.