## BROWN v. JARVIS, Chief of Police.*
### (No. 1407; May 24, 1927; 256 P. 336.)

STATUTES—STRICT CONSTRUCTION OF PENAL LAWS—MUNICIPAL CORPORATIONS — ORDINANCES — STATUTORY PENALTIES — MUNICIPAL COURTS—CITIES OF FIRST CLASS.

1. Penal provisions must be strictly construed most favorably to the individual.

2. Where the law governing a city prescribes the particular manner in which its ordinances are to be enforced, that method is exclusive.

3. Statutory penalties must be expressly imposed and cannot arise by implication.

4. Under Comp. St. 1920, § 1868, providing that police courts of cities of the first class might prescribe penalties for the breach of an ordinance by fine, "together with judgment of imprisonment or imprisonment and hard labor § * * until the amount of such judgment and costs are paid," such police court may not impose imprisonment except to enforce a fine, especially considering the legislative history of statutes of that nature, Sess. Laws 1895, c. 80; Rev. St. 1899, § 1637, subd. 58, and sections 1657, 1671, 1672; Sess. Laws 1907, c. 71.

*See Headnotes:    (1, 2) 16 CJ p. 1360 n. 71; 28 Cyc. p. 781 n. 77, 78, 82; 36 Cyc. p. 1183 n. 46. (3) 25 CJ p. 1179 n. 15; 28 Cyc. p. 781 n. 76.   (4) 28 Cyc. p. 817 n. 67, 68.

APPEAL from District Court, Natrona County; BRYANT S. CROMER, Judge.

Habeas corpus proceedings by Guy Brown against George Jarvis, Chief of Police of the City of Casper, for release from custody after conviction in the police court of the City of Casper for unlawfully possessing intoxicating liquor.   Judgment for plaintiff, and defendant appeals.

*Kenneth McDonald,* for appellant.

The jurisdiction of municipal courts is governed by the provisions of special charters, the general law under which the city or town is incorporated, or by general law of the state; Sec. 1176 C. S.  Cities of first class may exercise general powers by ordinances; Sec. 1868 C. S.  The jurisdiction of police justices is prescribed by Sec. 1902 C. S., and offences against ordinances may be punished as described by ordinances; Sec. 1912 C. S.  Ordinances must not conflict with state laws; St. Louis v. De Lassus, 205 Mo. 578, 104 S. W. 12; Montgomery v. Taxi Co., (Ala.) 82 So. 117.  Police magistrates, in cities of the first class, are given power to inflict either a money fine or imprisonment; Ch. 126 C. S.  The trial court erred in holding that cities of the first class are without power to impose a jail sentence by ordinance; Sections 1902, 1912 C. S. Section 1868 C. S. is not a restrictive statute; the jail sentence is the most powerful deterrent of crime in the hands of the police court.

*M. F. Ryan,* for respondent, filed no brief.

BLUME, Chief Justice.

The city of Casper belongs to that class of municipalities defined under the laws of this state as cities of the first class.  Guy Brown was convicted in the Police Court of said city of the crime of unlawfully possessing intoxicating liquor, in violation of the ordinances of said city. No fine was assessed against him and the only sentence imposed upon him was that he be confined in the city jail for the period of thirty days.  Having been taken into custody, he instituted proceedings for habeas corpus in the District Court of Natrona County, Wyoming, and that court released him from custody, holding that the laws governing cities of the first class do not authorize imprisonment except only for the non-payment of fine. The sole question on this appeal, taken by said city, is whether the ruling of the court so made is correct.

In considering this question, we must not forget that penal provisions are strictly construed (36 Cyc. 1183; 16 C. J. 1360); that they must be construed most favorably to the individual (People v. Sloan, 95 App. Div. 226; 90 N. Y. S. 762), and that where the law governing a city prescribes the particular manner in which its ordinances are to be enforced, that method is exclusive. Dillon on Municipal Corporations, (4th ed.) sec. 369; 28 Cyc. 781; Blanchard v. Bristol, 100 Va. 469, 41 S. E. 948; State v. Ferguson, 33 N. H. 424.) With these rules in mind, we shall trace the history of legislation defining and relating to cities of the first class. The first act of the legislature relating to cities of that class was chapter 80 of the Session Laws of 1895, subsequently embodied in sections 1587 to 1672, both inclusive, of the Revised Statutes of 1899. The provisions pertinent herein are subdivision 58 of section 1637, and sections 1657, 1671 and 1672, Revised Statutes of 1899. These provisions are as follows:

Section 1637, subdivision 58:

(Such cities shall have power) "To make all such ordinances, by-laws, rules, regulations and resolutions not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this section granted, maintaining the peace, good government and welfare of the city, and its trade, commerce and manufactures, and to enforce all ordinances, by inflicting penalties for the violation thereof not exceeding one hundred dollars for any offense, recoverable with costs, together with judgment of imprisonment, until the amount of said judgment and costs shall be paid."

Section 1657:

"The police justice shall have exclusive jurisdiction over, and it shall be his duty to hear and determine all offenses against the ordinances of the city, and of misdemeanors under the laws of the state, arising within the limits of the city, when the fine which may be imposed does not exceed two hundred dollars, or the imprisonment

three months; and he shall also have jurisdiction for the examination of offenders against the laws of the state for offenses arising within the city limits.''

Section 1671:

''Any person convicted before the justice of any offense under the ordinances of the city shall be punished by such fine or imprisonment as may be regulated by ordinance.''

Section 1672:

''Whenever the defendant is sentenced to imprisonment for the violation of a city ordinance, he shall be put to work for the benefit of the city, under the direction of the mayor, for the term of his imprisonment, and when committed for the non-payment of a fine, or costs, for the violation of any ordinance, he shall also be put to work for the benefit of the city, and shall be credited on such fine and costs, one dollar and fifty cents per day for each day he shall work.''

Subdivision 58 of section 1637, supra, alone gave the city the direct power to enforce its ordinances, and provided the specific method by which that should be done. It authorized the imposition of a fine, limited to the sum of one hundred dollars, and further empowered the city to imprison a defendant until the fine and costs imposed should be paid. Imprisonment, therefore, for any purpose other than to enforce the payment of a fine was not authorized. Bailey v. State, 30 Neb. 855, 47 N. W. 208. And unless the contrary clearly appears from other portions of the law, the method so pointed out must be held to have been intended as the exclusive method for the enforcement of the ordinances of such city. State v. Ferguson, supra. Section 1657, supra, has no bearing on this point. Section 1671, supra, provided that the person convicted before the police justice might be punished by fine and imprisonment as regulated by ordinance. It will

be noted that no limit whatever was fixed as to the amount of the fine or the imprisonment, and it seems incredible that the legislature intended to give the city authority to imprison for an unlimited time, as might be fixed by ordinance. Hence, the only reasonable construction of that section can be, that it refers back to subdivision 58, supra, which specifically limits the extent of the fine and imprisonment and specifically provides that the imprisonment can be imposed only in case of non-payment of fine. In other words, the imprisonment mentioned in section 1671, supra, must be held to mean the imprisonment referred to in subdivision 58, supra. Section 1672, supra (which is now sec. 1919, W. C. S. 1920), mentions imprisonment as an alternative and separate penalty, as well as imprisonment for non-payment of fine. But the imprisonment there mentioned means, of course, imprisonment lawfully inflicted. The section itself does not provide or purport to provide for or create imprisonment as an alternative and separate punishment, and authority therefor must be found, if at all, in some other provision; but no such other provision has been discovered. It cannot be said that the section just mentioned impliedly provides for the penalty mentioned, for it seems to be the established rule that a penalty cannot arise by implication, but must be expressly imposed. 28 Cyc. 781; Fire Department v. Braender, 14 Dailey (N. Y.) 53; Health Department v. Knoll, 70 N. Y. 536; Jones v. Estis, 2 Johnson 379; Bell v. Dole, 11 Johnson R. 173. It would seem, accordingly, that the act of 1895 already mentioned did not authorize imprisonment as a separate penalty for violation of an ordinance.

The second act of the legislature relating to cities of the first class was chapter 71 of the Session Laws of 1907. But we do not find that the act evinces a purpose to enlarge in any respect the power of cities of the first class in connection with the point under discussion. The provision in the Revised Statutes of 1899 (sub. 58, sec. 1637),

which provided for the method of enforcing ordinances.
was not changed in any manner. Section 1671, R. S. 1899,
was merely amended by adding the clause: ''provided,.
no fine shall be greater for any offense than one hundred
dollars recoverable with costs, and no imprisonment for
longer time than three months.'' (The section, as so amend-
ed, appears as section 1912, W. C. S. 1920). The provision
of that section that the penalties should be provided by
ordinance remained as before. There was a material
change in the wording of section 1657, R. S. 1899, which
was amended and re-enacted by section 16 of chapter 71,.
supra, so as to read as follows:

''The police justice shall have exclusive jurisdiction
over, and it shall be his duty to hear and determine, all
offenses against the ordinances of the city, arising within.
the limits of the city, when the fine imposed does not
exceed one hundred dollars; to which may be added costs
or the imprisonment three months. No change of venue
shall be granted in any case arising under the ordinances
of the city.'' (The section as so amended appears as
section 1902, W. C. S. 1920.)

The section, before it was thus amended, gave the police
justice jurisdiction not only in cases of violation of the
ordinances of the city, but also over misdemeanors under
the laws of the state ''when the fine which may be im-
posed does not exceed two hundred dollars or the im-
prisonment three months.'' The amended section left out
the provision for jurisdiction over misdemeanors, and
still, by a queer process of contraction, left the clause
''or imprisonment three months.'' It is clear that the
legislature had a definite purpose in amending the section,.
namely to deprive the police magistrate of jurisdiction
over misdemeanors arising under the laws of the state,
but no other or different purpose can be gathered there-
from. The clause ''or the imprisonment three months''
as found in the amended section, names a definite period

of imprisonment, no more and no less, and we cannot believe that the legislature intended to fix such definite period of imprisonment in case of conviction for violation of an ordinance. In any event, the section as amended does not itself give or purport to give authority to the city to enforce its ordinance by the alternative and separate punishment of imprisonment, but simply fixes the conditions of the jurisdiction of the justice. The authority for imprisonment must be sought elsewhere.

If, however, the legislation so far considered leaves any doubt on the point under consideration, that doubt will be lifted when we come to consider the next act of the legislature, and the last on this question. That act is chapter 51 of the Session Laws of 1909. The chapter made many radical changes in the then existing laws relating to cities of the first class, and repealed all previous acts in conflict therewith. Section 39 of the act, now section 1868, W. C. S. 1920, purports to confer some general and miscellaneous powers upon such cities, including power

"to prescribe forfeitures and penalties for the breach of any ordinance and enforce all ordinances by inflicting penalties for the violation thereof, not exceeding one hundred dollars and costs for any offense, together with judgment of imprisonment, or imprisonment and hard labor in the city upon the streets or elsewhere for the benefit of the city, until the amount of such judgment and costs are paid."

The provision here set out is somewhat broader than its precursor, subdivision 58, section 1637, R. S. 1899. There is added the specified power "to prescribe forfeitures and penalties for the breach of any ordinance," and the further provision is made that imprisonment, though authorized only for non-payment of fines, may be at hard labor. The provision as a whole is comprehensive, full and complete. There is no indication of any kind that

it is not intended as the exclusive method for enforcing the ordinances of the city. Its language seems to indicate the contrary. There is nothing in any other portion of said chapter 51 which in any way modifies the quoted provision. The chapter repeals any acts inconsistent therewith, and it would seem that we are necessarily forced to the conclusion that while a city of the first class may impose imprisonment in order to enforce a fine, and until such fine is paid, no other imprisonment is authorized.

The judgment of the District Court was accordingly right, and must be affirmed.

*Affirmed.*

POTTER, J., and KIMBALL, J., concur.