Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is unlawfully selling whisky in a dry area; the punishment, a fine of $100 and confinement in jail for 60 days.

Bert Jolley testified that he went to appellant's home on the 26th of February, 1939, and purchased from appellant a half pint of whisky. As he left the place of sale the witness was arrested by D. A. McDonald, an inspector of the Texas Liquor Control Board, who took the whisky from his possession. Mr. McDonald testified to having arrested Jolley and to having found the half pint of whisky in his possession. Testifying in his own behalf, appellant admitted that Jolley came to his home on the occasion in question but denied that he sold him any whisky. He testified, further, that he knew Mr. McDonald and was aware that he was an inspector of the Texas Liquor Control Board. He said that 20 or 25 minutes after Jolley had been in his home Mr. McDonald and Mr. Little came to his residence and instituted a search, but found no whisky.

It appears that appellant is a negro. On cross-examination appellant was asked by the assistant county attorney whether he called Mr. McDonald "Mr. Pretty Hat" when he referred to him. Appellant's objection to the question was overruled and he answered in the negative. The state called a witness who testified, over appellant's proper objection, that he had heard appellant, in referring to Mr. McDonald, call him "Mr. Pretty Hat." We are unable to perceive the relevancy and materiality of the testimony. It shed no light on any issue in the case. We think the bills of exception show that the state was permitted to impeach the appellant upon an immaterial matter. In view of the fact that the case must be reversed because of the penalty assessed, we express no opinion whether the bills of exception relating to the matter should be held to present reversible error. However, in the event of another trial, such improper impeachment of appellant should not be repeated.

The offense was alleged to have been committed on the 26th of February, 1939. The applicable penalty is set forth in Section 41 of Article 666, Vernon's Ann. Tex.P.C. We quote the penalty as follows: "Any person who violates any provision of Article I of this Act for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than one year." The penalty assessed against the appellant was a fine of $100 and confinement in jail for 60 days. Under Section 41, supra, the jury are not at liberty to fix the punishment at both a fine and imprisonment in the county jail. Under the circumstances, it becomes our duty to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**I. V. (Duck) McELROY, Appellant, v. STATE, Appellee.**

No. 20668.

Court of Criminal Appeals of Texas.

Dec. 13, 1939.

W. J. Oxford, Jr., of Stephenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for cattle theft, punishment assessed being two years in the penitentiary.

Appellant has filed his affidavit advising this court that he does not further desire to prosecute his appeal, and at his request the same is dismissed.

Appellant has filed his affidavit advising this court that he does not further desire to prosecute his appeal, and at his request the same is dismissed.