Helen SMITH, Appellant (Defendant below),

v.

CITY OF CASPER, Appellee (Plaintiff below).

No. 3539.

Supreme Court of Wyoming.

Nov. 7, 1966.

Raymond B. Whitaker, Casper, for appellant.

Jack D. Emery, City Atty., Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Defendant, Helen Smith, was convicted in police court of a violation of a City of Casper ordinance, was fined one hundred dollars and sentenced to thirty days in jail. Appeal was perfected to the district court and the case tried de novo, at which trial defendant was again found guilty and given the same sentence.

The ordinance in the germane part is:

" * * * No person shall keep, set up, maintain or operate any place, structure, building or conveyance for the purpose of prostitution, lewdness or assignation, or with knowledge or reasonable cause to know that the same is or is to be used for such purpose, or receive or offer to agree to receive any person in any place, structure, building or conveyance for the purpose of prostitution, lewdness or assignation, or permit any person to remain therein for such purpose."

" * * * violation * * * shall be punished by a fine not exceeding one hundred dollars or imprisonment for a term not exceeding thirty days, or by both such fine and imprisonment."

Two questions are raised here, (1) that the City did not prove any penalty for the violation of such ordinance, (2) that the police court, and therefore the district court on the trial de novo, acted beyond its jurisdiction and that the city council was unauthorized to provide by ordinance the penalties which were inflicted.

The first point merits no discussion since any contended error is in no way delineated or explained by the defendant and this court is not required to notice any claimed error which is unsupported by authority or cogent argument. Stolldorf v. Stolldorf, Wyo., 384 P.2d 969, 973. We

pass then to the sole point properly raised on the appeal, that is, the authority of the City of Casper to provide the penalty which was assessed against the defendant. It is fundamental that a city has only such powers as are conferred upon it by the State. Western Auto Transports, Inc. v. City of Cheyenne, 57 Wyo. 351, 118 P.2d 761, 120 P.2d 590; Commissioners of Laramie County v. Commissioners of Albany County, 92 U.S. 307, 23 L.Ed. 552. The three statutes claimed to be relevant in the appeal are:

§ 5–123, W.S.1957. "The police justice shall have exclusive jurisdiction over, and it shall be his duty to hear and determine all offenses against the ordinances of the city, arising within the limits of the city where the fine imposed does not exceed $100.00, to which may be added costs, or the imprisonment three months. No change of venue shall be granted in any case arising under the ordinances of the city."

§ 5–133, W.S.1957. "Any person convicted before the police justice of any offense under the ordinances of the city shall be punished by such fines, or imprisonment, as may be regulated by ordinance; provided, no fine shall be greater for any one offense than one hundred dollars recoverable with costs, and no imprisonment for a longer time than three months."

§ 15.1–3(41), W.S.1957 (Compiled 1965). "[All cities have the power] To adopt ordinances, resolutions, and regulations necessary to give effect to the powers conferred by this act and enforce all ordinances with fines or imprisonment."

This court made it clear in Brown v. Jarvis, 36 Wyo. 406, 256 P. 336, that § 1902, C.S. 1920 (now § 5–123) relates to the jurisdiction of the police justice and is not determinative of the authority which the City has to pass the ordinance, and it is now unnecessary to elaborate in this aspect. The Jarvis case likewise pointed out that § 1912, C.S.1920 (now § 5–133) relates to the

punishment for the offense and not to the City's authority and is important only when construed in the light of the predecessor to § 15.1–3(41). Section 15.1–3(41) is, therefore, the real authority in the matter before us. It is broad in scope and its interpretation is modified by the statutes which relate to the jurisdiction of the police justice and to the limitation of penalty, but no authority other than that stated should be read into it. It provides that a city may enforce its ordinances by fines "or" imprisonment. In the multitudinous cases which have discussed interpretation of the word "or" as "and" and vice versa, it seems to be the general rule that the interchange can be made only when it is necessary to harmonize the provisions of a statute, give effect to all its provisions, save it from unconstitutionality, or to effectuate the obvious intent of the legislature. 50 Am.Jur. Statutes § 282; 82 C.J.S. Statutes § 335. It has long been recognized that in penal statutes, the word "or" cannot be interpreted as meaning "and" when the effect would be to aggravate the offense or increase the punishment. State v. Walters, 97 N.C. 489, 2 S.E. 539; Mount v. Quinlan, 104 W.Va. 118, 139 S.E. 474; Ruffin v. State, 138 Tex.Cr. R. 83, 134 S.W.2d 293; 82 C.J.S. Statutes § 335, p. 675; 1 Bishop, Criminal Law, § 941 (9 ed.); Crawford, Statutory Construction, § 188 (1940). Even without relation to this latter firmly established rule, the chronology of the pivotal statute is worthy of attention. Section 52, c. 80, S.L. of Wyoming, 1895, in referring to the powers that cities might exercise by ordinance stated that these might be enforced by inflicting penalties for the violation thereof not exceeding one hundred dollars for any offense, recoverable with costs, together with judgment of imprisonment until the amount of said judgment and said costs shall be paid. This section as well as its successor, § 1868, C.S. 1920, to a similar effect, was discussed by us in Brown v. Jarvis, supra. In 1961,[1] the legislature in providing for the power of passing ordinances, authorized the cities

---

1. Section 2(37), c. 100, S.L. of Wyoming, 1961.

"to enforce obedience to such ordinances with such fines or penalties as may be deemed proper; provided, that the punishment of any offense shall be by fine in any sum not more than $100, or by imprisonment not to exceed 30 days; or by *both* such fine and imprisonment." (Emphasis supplied.) This section was altered by § 3, c. 112, S.L. of Wyoming, 1965, to read as hereinabove stated, "to give effect to the powers conferred by this act and enforce all ordinances with fines or imprisonment." The statute thus authorizes an ordinance which imposes either fine or imprisonment within the limits of § 5–133, but not both.

The cause is, therefore, reversed and remanded to the district court with instructions to assess only a fine or imprisonment.

Reversed and remanded.