203 S.W.3d 596 (2006)
THE STATE OF TEXAS, Appellant,
v.
ANTIONIETA CARMACO, Appellee.
No. 14-05-00900-CR.
Court of Appeals of Texas, Fourteenth District, Houston.
Opinion filed October 3, 2006.
Panel consists of Justices HUDSON, AMIDEI and MIRABAL.[1]

OPINION
MAURICE AMIDEI, Senior Justice.
Appellee pled not guilty to the offense of violating Section XXII (a) (12) of the Harris County Regulations for Sexually Oriented Businesses In the Unincorporated Area of Harris County, Texas. Following a hearing, the trial judge granted appellee's Motion to Quash the Information and found the Regulation unconstitutionally vague.

I. BACKGROUND
This appeal seeks to reverse the trial court's order quashing the Information and to reinstate the Information. No evidence was offered during the hearing on appellee's Motion to Quash, but the probable cause statement in the Information states:
appellee, while clothed in only a G-string panty and dancing in a SOB, rubbed her buttocks on an undercover officer's groin, placed her clothed vagina in his face and rubbed her bare breasts in his face. During this performance, appellee was not on a stage 18 inches above the floor.
In one point of error, appellant contends that the trial judge erred by finding the ordinance unconstitutional and granting appellee's Motion to Quash the Information. We agree.

II. REGULATION IN QUESTION
The Regulation made the basis of the Information provides the following:
ASection XXII (a) The following shall be violations of these regulations as authorized in Section 243.010(b) of the Local Government Code. Each day a violation continues constitutes, and is punishable as, a separate offense:
* * *
(12) for any person performing at an enterprise to do so less than six (6) feet from the nearest patron and on a stage less than eighteen (18) inches above floor level;
* * *
Pertinent Regulation definitions are as follows:
Section IV-DEFINITIONS
As used in these regulations:
* * *
(c) Adult Cabaret: a nightclub, bar, restaurant, or similar commercial establishment that features:
(1) persons who appear semi-nude or in a state of nudity as defined in this section;
(2) live performances which are characterized by the exposure of specified anatomical areas or specified sexual activities as defined in this section; or
* * *
(q) Enterprise: a sexually oriented business enterprise is a commercial enterprise the primary business of which is the offering of a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer. This definition includes but is not limited to: sex parlors; nude studios; modeling studios; love parlors; adult bookstores; adult movie theaters; adult video arcades; adult movie arcades; adult video stores; adult motels; adult cabarets; escort agencies; and sexual encounter centers.
* * *
(w) Live Exhibition: a live performance by one or more individuals conducted in front of at least one patron, including but not limited to, dancing, modeling, sword swallowing, juggling, acrobatic acts, wrestling and pantomime.
* * *
(y) Patron: any customer or client of an enterprise, including members of the public or club members invited or admitted to a Class I enterprise. This definition shall not include the employees or permitted Class II performers at a Class I enterprise. Id.

III. INFORMATION
The Information in pertinent part states the following:
". . . the Defendant, . . ., did then and there unlawfully while performing, to-wit: DANCING, at a sexually oriented business enterprise in an unincorporated area of Harris County, Texas, namely, ADULT CABARET, intentionally and knowingly perform at a distance of less than six feet from the nearest patron, namely, K. WILLIS, and on a stage less than eighteen inches above the floor level of the enterprise."
The Information was amended to allege "St. James Adult Cabaret" instead of "Adult Cabaret".

IV. PURPOSE OF REGULATION
The Harris County Commissioners Order Adopting the Regulation in question states in its finding number 22, "Sexually oriented businesses have been shown to be used for sexual activities which create a significant threat to the public heath because of the sexual transmission of disease. These sexual activities include prostitution and sexual liaisons of a casual nature." Id.
Further, in Section I entitled "Authority" of the Regulations in subsection (b) the stated purpose of the Regulations is to exercise the police power of Harris County, to protect the health, safety and general welfare of the citizens of Harris County, and to prohibit business activities which merely serve as a front for activities prohibited by the Texas Penal Code, including but not limited to prostitution and the promotion of prostitution; and in subsection (c) a disclaimer of intent states the Regulations have neither the intent nor the effect of imposing limits or restrictions on the content of any communicative material, including sexually oriented material; nor is it the intent or effect of "this regulation" to restrict or deny adults access to sexually oriented material protected by the First Amendment. Id.

V. MOTION TO QUASH
Appellee made a motion to quash the Information alleging generally it is defective in that it seeks to enforce an ordinance that is unconstitutional, both on its face, and as applied to the appellee. The appellee alleged four specific grounds, including the claim the regulation was unduly vague and overly broad.
The trial court granted appellee's motion to quash after a hearing and held Section XXII (a) (12) of the Regulations unconstitutional for vagueness because it did not give fair notice to a person of ordinary intelligence of the conduct forbidden, and it did not provide explicit standards to law enforcement personnel to prevent arbitrary or discriminatory enforcement. Except for the vagueness ground alleged by appellee in her Motion to Quash the other specific grounds were not discussed or ruled on by the trial court.

VI. STANDARD OF REVIEW
We review a trial court's ruling on a motion to quash de novo. State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). In reviewing the constitutionality of a statute, we begin with the presumption that the statute is valid and assume that the legislature did not act arbitrarily and unreasonably in enacting the statute. Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2000); Ex Parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). Therefore, if a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity. Rodriguez, 93 S.W.3d at 69; Mody v State, 2 S.W.3d 652, 654-55 (Tex. App.CHouston [14th Dist.] 1999, pet. ref'd). The burden is on the movant to prove the law is unconstitutional. See Briggs v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987); Garay v. State, 940 S.W.2d 211, 215 (Tex. App.CHouston [1st Dist.] 1999, pet. ref'd).
Since the trial judge provided findings explaining the bases for his ruling, this appeal need only address those reasons advanced by the judge. State v. Mechler, 123 S.W.3d 449, 451 (Tex. App.CHouston [14th Dist.] 2003), aff'd. 153 S.W.3d 435 (Tex. Crim. App. 2005).

VII. POINT OF ERROR
Appellant's sole point of error contends the trial judge erred by finding the ordinance unconstitutional and granting appellee's motion to quash the information.
The trial court did not make a specific finding that the ordinance was unconstitutional on First Amendment grounds, but instead, ruled that Section XXII (a) (12) was unconstitutionally vague because it does not give fair warning and notice to a performer. The court's findings asked the following questions: (1) How is a performer to know if the nearest patron [who] is behind them is at 5' and 11 and 15/16" if the performer is dancing for a patron (any customer or client)?; (2) While a performer can gauge the six foot distance from someone specific within their view, and for whom they are dancing, how does a performer know that the height distance of the stage is not less than 18 inches above the floor?; and (3) Does compliance of one distance restriction still subject the performer to criminal penalties since the restrictions are joined by the conjunctive "and"?
The State admits that nude dancing is constitutionally protected expressive conduct under the First and Fourteenth Amendments to the United States Constitution, Barnes v. Glen Theatre, Inc., 501 U.S. 560, 594, 111 S.Ct. 2456, 2460 (1991), and argues that the imposition of incidental burdens on nude dancing identical or similar to those imposed in this case have been deemed constitutionally sound in the series of cases cited by the State. See Hang On, Inc. v. City of Arlington, 65 F.3d 1248, 1254 (5th Cir. 1995); DFW Vending, Inc. v. Jefferson County, Texas, 991 F.Supp. 578, 588 (E.D. Tex. 1998); N.W. Enterprises, Inc. v. City of Houston, 27 F.Supp. 754, 850 (S.D. Tex. 1998), reversed in part on other grounds and affirmed on remainder of grounds, 352 F.3d 162 (5th Cir. 2003); LLEH, Inc. v. Wichita County, Texas, 289 F.3d 358, 363, 367B369 (5th Cir. 2002); DLS, Inc. v. City of Chattanoga, 107 F.3d 403, 408B413 (6th Cir. 1997); and KEV, Inc. v. Kitsap County, 793 F.2d 1053, 1061B62 (9th Cir. 1986). We agree.
The trial court believed the Regulation failed to give fair notice to a dancer as it would subject her to arbitrariness and oppression by having to defend prosecutions time after time when someone walked up behind her within 6 feet without her knowing. Stansberry v. Holmes, 613 F.2d 1285 (5th Cir. 1980), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed 2d 112 (1980). However, because a culpable mental state accompanies the Regulation, a dancer would not be subject to prosecution unless she intentionally knowing performed within six-feet of a patron behind her or on a stage lower than eighteen iches. Defining and grading offenses to give fair warning of what is prohibited and of the consequences of violation is a stated objective of the Texas Penal Code. See TEX. PEN. CODE ANN. § 1.02 (2). The court reasoned that it would be too difficult for a performing dancer to keep the required distance from patrons behind her. The Regulation contains a definition of "live exhibition," as a live performance, including dancing, by one or more individuals conducted in front of at least one patron, but doesn't limit the number of patrons the dancer may be entertaining or prevent patrons from observing the performance from the rear of the dancer. See Id. SECTION IV (w). In the context of buffer zones for dancers, an ordinance is not invalid merely because it might, as a practical matter, be difficult to comply. N.W. Enterprises, Inc. v. City of Houston, 27 F.Supp. 754, 856 (S.D. Tex. 1998), reversed in part on other grounds and affirmed on remainder of grounds, 352 F.3d 162 (5th Cir. 2003).
Further, the trial court found the Regulation did not provide explicit standards to law enforcement personnel to prevent arbitrary or discriminatory enforcement but did not specify the deficiencies in such regard. To support this finding, the court cited Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989) and Kaczmarek v. Texas, 986 S.W.2d 287 (Tex. App.CWaco 1999). Bynum holds that a statute which adequately details prohibited conduct to the extent that the enforcement of the statute would not be relegated to subjective interpretation provides guidance to law enforcement authorities to such a degree that improperly motivated selective enforcement is obviated. Bynum, 767 S.W.2d at 775. However, Bynum is distinguishable because it involved a challenge to the constitutionality of a misapplication of fiduciary property offense which did not discuss any law enforcement guidelines, or guidelines necessary for a court to find that a statute inadequately details prohibited conduct and must be relegated to subjective interpretation, which might be applicable in that case or to the instant case. Neither does Kaczmarek apply or support the finding. Kaczmerek was a prosecution for location restrictions and licensing of a sexually oriented business where the discretion of the police at issue was not guidelines for enforcement but was only as to whether the ordinance gave the chief of police unbridled administration discretion to grant or deny a permit to operate a sexually oriented business. The Regulations sets forth clear, objective standards (six feet, eighteen inches) for the determination of whether a violation has occurred. See N.W. Enterprises, Inc., 27 F.Supp. 2d at 856 (rejecting the claim that a three-foot buffer zone was unconstitutional merely because "it would be difficult for a law enforcement officer to know if an entertainer was an unacceptable 32 inches away from a patron or an unacceptable 36 inches away"); cf. Cox v. Louisiana, 379 U.S. 559, 568B69 (1965) (holding a statute that prohibited protests Anear" a courthouse not unconstitutionally vague despite the subjective standard). Whether a dancer has violated the six foot zone or remained, as the trial court notes, A5' and 11 and 15/16" away from the nearest patron is a matter for the State to prove; the Regulation itself is not vague. Further, because the Regulations (Section XXII (a) (13)) require the owner or enterprise operator to clearly mark the six foot zone, in practice, law enforcement officers are able to make a clear determination as to whether a violation as occurred. See Grayned v. City of Rockford, 408 U.S. 104, 110 (1972) (Considering the interpretation of the statute as enforced in practice when evaluating a vagueness claim) Roth v. U.S., 354 U.S. 476, 491 (1957) (noting that the language of a statute should be measured by common understanding and practice); see also DFW Vending, 991 F. Supp. at 594B96 (rejecting the claim that a Jefferson County ordinance establishing a six-foot buffer zone and eighteen-inch stage requirement was unconstitutionally vague for failure to provide explicit standards to law enforcement officials. We conclude the language of the Regulation provides guidance to law enforcement authorities to such a degree that improperly motivated selective enforcement is obviated.
In addition to the foregoing, the trial court's findings include the following question:
Furthermore since the conjunctive "and" joins the six foot distance requirement and stage requirement of not less than 18" above the floor, does compliance of one part and non-compliance of the other part still subject the performer to criminal penalties?
The interchange of the words "and" as "or" and vice versa can be made only when it is necessary to harmonize the provisions of a statute, give effect to all its provisions, save it from unconstitutionality, or to effectuate the obvious intent of the legislature. Smith v. City of Casper, 419 P.2d 704, 706 (1966); 50 Am. Jur. Statutes § 282; 82 C.J.S. § 335. It has long been recognized that in penal statutes, the word "or" cannot be interpreted as meaning "and" when the effect would be to aggravate the offense or increase the punishment. Id; see Ruffin v. State, 138 Tex. Crim. 83, 134 S.W.2d 293B94 (1939). The State argues that the words "or" and "and" can be interchanged when it is necessary to effectuate the legislature's intent, where to do so would not render the statute meaningless, and where not to do so would result in an absurdity. Lindsay v. Papageorgiou, 751 S.W.2d 544, 547B48 (Tex. App.CHouston [1st Dist.] 1988, writ denied). We agree. The Regulation would not be rendered meaningless, and it would be absurd to effectively bar the conviction of a dancer who dances within 6 feet of patrons but does so on a stage 18 inches high or a dancer who dances more than 6 feet from the patron but does so on a stage lower than 18 inches. Further, the interchange of "or" for "and" in this Regulation would not aggravate the offense or increase the punishment. The punishment for violating the 6 foot zone and the 18 inch high stage restrictions in one transaction is the same as a violation of only one of the restrictions. In any event, a construction that avoids a challenge to the constitutionality of a statute, or to the statute's application, may be favored for that reason. Lebo v. State, 90 S.W.3d 324, 328 (Tex. Crim. App. 2002). This is at least in part because the Legislature was unlikely to have intended a meaning of doubtful constitutionality. Id. We hold that the answer to the trial court's question is "yes."
We grant appellant's point of error..
In view the trial court failed to rule on all the grounds of the motion to quash, we do not need to discuss or rule on the grounds not ruled on by the trial court
We reverse and remand.
NOTES
[1] Senior Justices Margaret Garner Mirabal and Maurice Amidei sitting by assignment.