**Affirmed and Opinion filed August 26, 2014.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-13-00169-CR

---

**HASSAN S. HOSSEINI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 1814870**

---

## O P I N I O N

In three issues, appellant, Hassan S. Hosseini, appeals his conviction for violation of the Houston sexually-oriented-business ordinance; specifically, that as a manager, he was required to have a permit. We affirm.

### I. BACKGROUND

This appeal involves challenges to the Houston city ordinance regulating sexually-oriented businesses and the conduct of their managers ("the ordinance").

*See* Houston, Tex., Code of Ordinances ch. 28, art. VII, § 28-253-259 (1997).[1] Appellant was charged by information with a misdemeanor violation of this ordinance; the information alleged he was acting "as a manager of Foxxy's Cabaret, an adult cabaret, . . . without holding a valid permit." A jury found appellant guilty, and the trial court sentenced him to 30 days in county jail, suspended, placed him on community supervision for six months, and assessed a fine of "$2,000, probated."

## II. ANALYSIS

In three issues, appellant contends (1) the ordinance is unconstitutionally vague and overbroad, (2) it does not define the criminal offense with clarity so as to inform the general public what conduct is prohibited and to provide minimum guidelines to law enforcement regarding its application, and (3) the definition of "manager," contained in the ordinance, conflicts with the intent of the legislature. The arguments in his appellate brief on the latter two issues, however, appear to be challenges to the sufficiency of the evidence, and we will treat them as such.[2]

---

[1] Texas Local Government Code Section 243.001(a) is the enabling legislation which permits a municipality to regulate sexually oriented businesses. Tex. Loc. Gov't Code Ann. § 243.001(a) (West 2005); *see City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 805 (Tex. 1984) (holding city may enact reasonable regulation to promote health, safety, and welfare of its people).

[2] In his second issue, appellant challenges the clarity of the ordinance, in terms of informing the general public as to prohibited conduct and providing minimum guidelines for enforcement. In his third issue, appellant asserts that the State's construction of the scope of the term "manager" is broader than the scope of that term as defined in the ordinance. Under these issues, appellant does not provide analysis or argument in support of the stated propositions. Instead, appellant asserts that the evidence is legally insufficient in various respects. We are not required to address inadequately briefed issues; therefore, we will not address the inadequately briefed second and third issues. *See Gilley v. State*, 418 S.W.3d 114, 119 n. 19 (Tex. Crim. App. 2014); *Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Rather, we will exercise our discretion to address the legal-insufficiency arguments made by appellant under his second and third issues.

**A.** **Is the evidence sufficient to support appellant's conviction?**

Appellant was charged with committing the offense of acting as a manager in a sexually-oriented business while possessing no permit to do so. Thus, the State was required to prove that appellant acted as "manager" in a "sexually-oriented enterprise," and that he had no permit. "Enterprise" under the ordinance is defined as "An adult bookstore, adult cabaret . . . whose primary business is the offering of a service . . . intended to provide sexual stimulation or sexual gratification to its customers. . . ." *See* Houston, Tex., Code of Ordinances ch. 28, art. VII, § 28-253.

The ordinance provides:

Permit required.

(a)     it shall be unlawful for any person who does not hold a permit to act as an entertainer or a manager *of or in* an enterprise.

(b)     It shall be the duty of the operator and owners of each enterprise to ensure that no person acts as an entertainer or manager of or in the enterprise unless that person holds a permit.

Houston, Tex., Code of Ordinances ch. 28, art. VII, § 28-253 (Emphasis added).

"Manager" is defined as: "Any person who supervises, directs or manages any employee of an enterprise or any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any "on-site manager." *Id.* The ordinance also defines "[c]onduct any business in an enterprise":

Any person who does any one or more of the following shall be deemed to be conducting business in an enterprise:

(1)     Operates a cash register, cash drawer . . . ;

(2)     Displays or takes orders from any customer for any merchandise, goods, entertainment or other services offered on the

3

premises of the enterprise;

     (3)    Delivers or provides to any customer any merchandise goods, entertainment or other services offered on the premises of the enterprise;

     (4)    Acts as a door attendant to regulate entry of customers or other persons into the premises of the enterprise; or

     (5)    Supervises or manages other persons in the performance of any of the foregoing activities on the premises of the enterprise.

*Id.*

The ordinance sets out the punishment as follows: "(a) The violation of any provision of this article, including the doing of anything which is herein prohibited or declared to be unlawful . . . shall be punishable as provided by Section 243.010 (b) of the Local Government Code. . . ." *Id.* Finally, Texas Local Government § 243.010 provides for enforcement; specifically, "… (b) A person commits an offense if the person violates a municipal or county regulation adopted under this chapter. An offense under this subsection is a Class A misdemeanor." Tex. Loc. Gov't Code § 243.001 (b) (West 2005).

In determining sufficiency of the evidence, we consider all the evidence, both direct and circumstantial, and any reasonable inferences which can be drawn. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of the witnesses and of the evidence presented. *See Villani v. State*, 116 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd.). We view all evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 734, 746 (Tex. Crim. App. 2011). We do not sit as the thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence.

*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw all reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The officers involved testified without contradiction that Foxxy's Cabaret was an establishment in which females danced, on stage or at tables, while exposing their breasts and buttocks for the sexual gratification of the patrons, and they observed dancers engaging in that activity. Additionally, appellant's witness, a manager at Foxxy's, agreed that females dance at the establishment, exposing their buttocks, and that Foxxy's was a sexually-oriented business and an adult cabaret.

The evidence of appellant's status as "manager" includes his negotiations with the undercover police officer for a bachelor party at Foxxy's, as well as his operating a cash register to make change and to exchange currency for patrons and entertainers. *See Memet v. State*, 642 S.W.2d 518 (Tex. Civ. App. Houston [14th Dist.] 1982, pet. ref'd) (affirming conviction where defendant operated cash register at adult arcade without a permit). Additionally, on at least two occasions, appellant identified himself to police as the manager. That another individual also testified he was the manager does not contradict appellant's conduct and admissions. Finally, the evidence was undisputed that appellant did not possess a license to act as a manager. In sum, the evidence is sufficient to support appellant's conviction. Therefore, we overrule appellant's second and third issues.

## B.    Is the ordinance unconstitutionally overbroad or vague?

We must presume the validity of a statute and further presume that the

legislative body has acted reasonably and not in an arbitrary manner in enacting the statute. *See City of Brookside Village v. Comeaux*, 633 S.W.2d 790 (Tex. 1982); *Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dismissed); *Memet,* 642 S.W.2d at 522 (quoting *Stansberry v. Holmes,* 613 F.2d 1285, 1289 (5th Cir.1980), *cert. denied* 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 112 (1980), "[a]ny statute or ordinance which proscribes certain conduct must be sufficiently definite to 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' and to avoid the possibility of arbitrary and erratic arrests and convictions.") We will interpret the language of the statute considering its plain meaning, "unless the language is ambiguous or the plain meaning leads to an absurd result." *Duncantell v. State*, 230 S.W.3d 835, 843 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (citing *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999)). When there are differing ways in which the statute can be construed, we apply the interpretation which sustains the validity of the statute. *See State v. Carmaco*, 203 S.W.3d 596, 599 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

A statute is vague if persons of common intelligence are incapable of deciphering what conduct is prohibited. *See Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012). A statute or ordinance may be overbroad if in its reach it prohibits constitutionally protected conduct, such as speech or conduct protected by the First Amendment. *See Duncantell*, 230 S.W.3d at 843 (citing *Bynum v. State*, 762 S.W.2d 685, 687 (Tex. App.—Houston [14th Dist.] 1988, no pet.); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)). "A statute will not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional applications; therefore, we will not strike down a statute for

6

overbreadth unless there is a realistic danger that the statute itself will significantly compromise recognized First Amended protections of parties not before the Court." *Id.* The party challenging the statute bears the burden of establishing its unconstitutionality, including challenges that a statute is unconstitutional as applied to appellant. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Burton v. State*, 194 S.W.3d 686, 688 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Flores v. State*, 33 S.W.3d 907, 920 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)).

In his first issue, appellant complains the ordinance is unconstitutionally vague and overbroad and does not give notice of illegal conduct. "When an appellant challenges a statute as both unconstitutionally overbroad and vague, we address the overbreadth challenge first." *See Duncantell*, 230 S.W.3d at 843. Our first consideration is to determine whether or how the ordinance realistically and significantly compromises First Amendment protections of parties other than appellant. *Id.* Appellant does not set forth any facts or include any analysis as to how any constitutional protections, as applied to appellant or to other parties, are compromised by the ordinance. Thus, he has waived his challenge that the ordinance is overbroad. *See* Tex. R. App. P. 38.1(g), (i).

Turning to appellant's vagueness challenge, the language of the ordinance set forth above describes with specificity which persons must hold a permit: a manager. Houston, Tex., Code of Ordinances ch. 28, art. VII, § 28-253. The ordinance also describes what conduct is required to demonstrate that a person is acting as a manager. A manager is defined as one who supervises, directs or manages any employee *or* any other person who conducts any business at the establishment. *Id.* Conducting business can include the operation of a cash register, cash drawer or other depository on the premises, the taking of orders from

7

customers for entertainment, and the delivery of such entertainment. *Id.* The definition of manager also includes any "on-site manager." *Id.* The ordinance is clear that a manager must possess a permit. *Id.* Finally, the ordinance sets forth the punishment for violation; specifically, a Class A misdemeanor. *Id.* These provisions relate clearly and directly to regulation of a sexually-oriented enterprise. *See State v. Garcia*, 823 S.W.2d 793, 798–99 (Tex. App.—San Antonio 1992, pet. ref'd); *Schope v. State*, 647 S.W.2d 675, 678–79 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd).

Therefore, we conclude the language of the ordinance is not unconstitutionally vague, it gives clear definition as to what types of establishments and employees are subject to its terms, and it provides guidance to both law enforcement and the general public concerning what type of conduct is prohibited and how the ordinance will be enforced. *See Carmaco*, 203 S.W.3d at 600; *Haddad v. State*, 9 S.W.3d 454, 457–58 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding the ordinance as applied to entertainers performing at a sexually-oriented business is not unconstitutionally vague or overbroad).

Therefore, we overrule appellant's three issues and affirm the judgment of the trial court.

/s/    John Donovan
       Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Publish—Tex. R. App. P. 47.2(b).